FILED
2018 Aug-07 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

ELECTRONICALLY FILED
6/25/2018 11:10 PM
47-CV-2018-901229.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

*Emergency Relief Requested*

BARBARA SAULS, individually and as the beneficiary of the Estate of Davey Michael Sauls;

  *Plaintiff,*

v.                                             CIVIL ACTION NO.: CV18_____

RANKIN SNEED as the administrator of the ESTATE OF DAVY SAULS; ESTATE OF DAVEY SAULS; LORI MARROW, individually, and as the trustee of the living trust of Davey Michael Sauls dated July 6, 2016; DAVID MARROW, individually; LOCKTEC, INC., an Alabama corporatin ; Defendants A-Z, being the correct legal name of the individuals, corporations, other entities who perpetuated crimes and civil wrongs including fraud against the Plaintiff or the Estate of Davey Michael Sauls or any other individual or entity responsible for any of the wrongs complained on herein. There may be other entities whose true names and identities are unknown to Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCPP 9(h). The word entity as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations,

  *Defendants.*

## COMPLAINT

1. Plaintiff, BARBARA SAULS, was a resident of Madison County, Alabama in the dates the incidences occurred or were discovered forming the basis of this litigation and she is over nineteen (19) years of age.

2. Defendant, RANKIN SNEED as the administrator of the ESTATE OF DAVEY MICHAEL SAULS ("Davey Sauls/Estate"), which represents the actions of Davey Sauls *inter vivos* who was a resident of Madison County, Alabama, at the time of incidences that made the basis this litigation and who was also over nineteen (19) years of age.

3. Defendant, LORI MARROW ("Lori"), was a resident of Virginia at the time of the incidences that made the basis of this litigation and who was also over the age of (19) nineteen.

4. Defendant, DAVID MARROW ("David"), was a resident of Virginia at the time of the incidences that made the basis of this litigation and who was also over the age of (19) nineteen.

5. Defendant, LOCKTEC, INC. ("Locktec"), is an Alabama corporation with its principal place of business located in Madison County, Alabama.

6. The true names and identities of the other named defendants are unknown at this time and will be added by amendment in accordance with Rule 9 (h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained ("collectively Defendants").

7. The matters complained of herein occurred in Madison County, Alabama and the amount in controversy exceeds $10,000.00.

## FACTS

8. In January of 2015, Plaintiff and Davey Sauls separated due to allegations against Davey Sauls of molesting a minor. On October 11, 2015, Davey Sauls filed for divorce against the Plaintiff. On November 16, 2015, the Court ordered both parties to preserve all assets regardless of title as they may be considered marital assets.

9. In 2015, Plaintiff had moved to Florida while Davey Sauls resided in the marital residence in Alabama during the pendency of his criminal case. Due to the criminal allegations, he was terminated from Lockheed where he had maintained employment for 10 years. Upon information and belief, he maintained a 401(k) retirement account at Lockheed where he had accumulated over $600,000.00.

10. Davey Sauls would often abuse alcohol. Upon being criminally charged, Davey Sauls elevated his alcohol intake to a lethal level. In 2016, his liver began to fail and he was admitted to Crestwood Medical Center in May of 2016. Upon information and belief, Davey Saul's niece, Lori Marrow, traveled from Virginia to Huntsville, Alabama to obtain a power of attorney from Davey Sauls and pursue his assets due to his condition. Upon information and belief, Defendant Lori and her husband, Defendant David, had recently filed for bankruptcy due to their current financial situation.

11. On May 27, after spending a stint in Crestwood Medical Center, Davey Sauls through his divorce attorney requested the Court in his divorce case to permit him access to his pension for the purpose of obtaining health insurance to assist with medical costs. Plaintiff objected to this effort as she was informed such consent may permit Davey Sauls to change her as the beneficiary of his 401(k). Upon information and belief, she believed Davey Sauls should receive health benefits from his prior military service.

12. On June 9, on or around the time Davey was again admitted to the hospital, Davey Sauls by and through his divorce attorney, again filed for access to his pension benefits. A hearing was set for June 23, 2016. On June 23, 2016, Plaintiff appeared with her attorney at the hearing and Davey Saul's attorney appeared with Defendant Lori. Plaintiff represents the

attorneys appeared before the Judge and there was some discussion between the parties in an attempt to resolve some of the disputes over the marital property. However, this discussions were unsuccessful.

13. No order was entered on June 23, 2016 after the attorneys spoke with the Court at the divorce hearing. The order preserving the assets of the divorce remained in effect. The Judge did not grant Defendant Lori and Davey Saul's motion for financial relief. Plaintiff did not trust Defendant Lori and Davey Sauls in regards to their assertions relating to the divorce including the assets in the divorce.

14. Upon information and belief, immediately after the hearing on June 23, Defendant Lori went to unlawfully remove items from the marital residence. Plaintiff had returned to the marital residence and changed the locks to prevent anyone from stealing items out of the marital residence prior to the hearing on June 23, 2016. So in response, Defendant Lori presented at Defendant Locktec and demanded keys to the marital residence using her power of attorney. Defendant Lori represented to Defendant Locktec that she needed a key to move Davey Sauls from the marital residence and provided them with her power of attorney. Upon information and belief, a power of attorney should not permit Defendant Locktec to procure Defendant Lori with a key to Plaintiff's home.

15. On June 23 and June 24, 2016, Defendant Lori and Defendant David unlawfully entered the marital residence and removed marital assets from the home including but not limited to furniture, tools and vehicles. A neighbor, Ron, called the Huntsville Police Department and a report was filed.

16. On or about the weekend of June 25 and 26, 2016, Plaintiff visited Davey Sauls at Crestwood Medical Center. On these visits, Davey Sauls represented to the Plaintiff that he needed access to funds from his 401(k) for medical purposes and that if he was granted access to some of those funds to procure insurance to cover items not then covered, he promised would not remove or change her as the beneficiary of his 401(k). Based on this assurance and a representation on June 28, 2016 that Davey was indeed terminal, Plaintiff agreed to dismiss the divorce.

17. An order granting the dismissal of the divorce was filed on June 28, 2016 in the Circuit Court of Madison County.

18. On June 28, 2016, Plaintiff spoke with Defendant Locktec, Inc. and she was told by Defendant Locktec that they made a mistake in giving Lori a key to the marital residence. They stated she represented that she had a legal right to enter the home.

19. Upon information and belief, before July 6, 2016, Defendant Lori hired a law firm to draft a new trust which would divert assets from Plaintiff the spouse of Davey Sauls. On July 6, 2016, a representative from the law firm visited Davey Sauls in the hospital on his death bed and witnessed him sign the trust. Medical records from July 6, 2016 indicate Davey Sauls was under the influence of heavy narcotics on this date.

20. On or about July 8, 2016, Defendant Lori accessed Davey Saul's 401(k) and changed his beneficiary to the trust. On July 10, 2016, Davey Saul's died. Plaintiff contacted the administrator for his benefits after his death and was informed that someone had changed his beneficiary and that a check was in process to the changed beneficiary.

21. Plaintiff learned of the transfer of assets from Davey Sauls' retirement account as well as unauthorized transfers during the peridency of divorce from other financial accounts as well as the transfer and taking of other assets after his death on July 10, 2016.

## COUNT I
### (Petition to Set Aside Trust/ Emergency Protective Order)

22. Plaintiff adopts and re-alleges all facts and allegations in paragraphs 1 through 21 as if they were set out in full.

23. Due the fraudulent and self-dealing actions of Defendant Lori and Defendant Davey Sauls/Estate and/or Defendants, Plaintiff requests this Honorable Court set aside or hold invalid the trust allegedly created on July 6, 2016 and filed in the Probate Court of Madison County on July 7, 2016. Plaintiff alleges Defendants created the trust with fraudulent intent.

24. Further, Plaintiff claims on the actual date Defendant Davey Sauls/Estate allegedly executed said trust, he was not of sound mind to do so on that date due to being under the influence of heavy medications.

25. Plaintiff further requests this Court order the trustee of the alleged trust, Defendant Lori to surrender any monies paid into the trust including the return of any distributions of the trust to be interpled into the Circuit Clerk of Court of Madison County, Alabama.

26. Further, Plaintiff requests this Court enter a restraining and/or protective order forbidding any further distributions of the trust until the adjudication of this litigation. Plaintiff claims herself as a creditor and/or beneficiary of the Estate and demands the trust be set aside to collect her claim from the Estate.

WHEREFORE, Plaintiff requests this Court set aside the trust entered into described in this matter and enter an immediate emergency protective order instructing Defendant Lori to submit all funds paid to the described trust immediately into the Circuit Clerk of Court of Madison County, Alabama and prohibit any future distributions and any further relief permitted in the premises.

## COUNT II
### (Promissory Fraud)

27. Plaintiff adopts and re-alleges all facts and allegations in paragraphs 1 through 26 as if they were set out in full.

28. Plaintiff avers Defendant Davey Sauls/Estate and Defendants promised if the divorce described above was dismissed, he would not change the beneficiary of his retirement plan.

29. Plaintiff relied upon this promise to her detriment.

30. Plaintiff is entitled to compensatory and punitive damages due to the damages caused by the Defendants' actions.

WHEREFORE, Plaintiff demands compensatory and punitive damages as determined by a struck jury, court costs and any other relief permitted Plaintiff in the premises.

## COUNT III
### (Fradulent Misrepresentation, Transfer and/or Conveyance)

31. Plaintiff adopts and re-alleges all facts and allegations in paragraphs 1 through 30 as if they were set out in full.

32. Plaintiff avers that Defendant Davey Sauls and Defendant Lori and Defendants fraudulently misrepresented facts to Locktec, the police, and financial administrators to divert marital assets from the Plaintiff.

33. Specifically, Plaintiff avers Defendant Lori misrepresented to Davey Sauls' attorney that he intended to procure money for the purpose of obtaining health insurance benefits. Plaintiff also avers Defendant fraudulently misrepresented to Locktec and police that she was moving Davey Sauls from the marital residence as he was not going to leave the hospital due to his condition and that she had the lawful right to do so. Also, upon information and belief, Plaintiff Lori fraudulently misrepresented to Lockheed that she was Davey Sauls and failed to follow Lockheed Martin procedures and its administrator's procedures in changing a beneficiary.

34. Plaintiff avers Defendant Davey Sauls/Estate and Defendant Lori Marrow and Defendants fraudulently transferred monies from accounts and personal property in violation of an order from the Madison County Circuit Court.

35. Plaintiff avers the representations and communications from Defendant Davey Sauls/Estate and Defendant Lori Marrow and Defendants described in preceding paragraphs were made with fraudulent intent with to purpose of fraudulently diverting and transferring assets from the Plaintiff.

36. Plaintiff avers Defendants Lori and David's actions constitute fraudulent self-dealing.

37. Plaintiff is entitled to compensatory and punitive damages due to the damages caused by Defendants actions.

WHEREFORE, Plaintiff demands compensatory and punitive damages as determined by a struck jury, court costs and any other relief permitted Plaintiff in the premises.

## COUNT IV
### (Civil Trespass/Civil Theft/Burglary/Conversion)

38. Plaintiff adopts and re-alleges all facts and allegations in paragraphs 1 through 37 as if they were set out in full.

39. Plaintiff avers Defendant Lori and David and Defendants' actions on June 23 and June 24 of unlawfully entering the marital residence and removing marital assets from the marital residence constitute civil trespass, Theft, Burglary and Conversion under Alabama law. Plaintiff represents Defendant Lori and David maintained the intent to commit a crime and/or removed items with malice or fraudulent intent upon entering the marital residence by unlawfully removing marital property without an order from the Court.

40. Further, Plaintiff avers Defendants Lori and David obtained access to the marital residence by fraudulent means with no intention to move Davey Sauls to another residence.

41. Plaintiff is entitled to compensatory and punitive damages due to the damages caused by Defendant's actions.

WHEREFORE, Plaintiff demands compensatory and punitive damages as determined by a struck jury, court costs and any other relief permitted Plaintiff in the premises.

## COUNT V
### (Outrage)

42. Plaintiff adopts and re-alleges all facts and allegations in paragraphs 1 through 41 as if they were set out in full.

43. Plaintiff alleges that Defendant Davey Sauls', Lori and David as well as Defendants' actions in the above-described facts constitute behavior defined as atrocious and utterly intolerable in a civilized society.

44. Plaintiff is entitled to compensatory and punitive damages due to the damages caused by Defendants' actions.

WHEREFORE, Plaintiff demands compensatory and punitive damages as determined by a struck jury, court costs and any other relief permitted Plaintiff in the premises.

## COUNT VI
### (Negligence)

45. Plaintiff adopts and re-alleges all facts and allegations in paragraphs 1 through 44 as if they were set out in full.

46. Plaintiff alleges that the actions of Defendant Locktec in granting Defendant Lori a key as described in the above-stated facts constitutes negligence as Defendant Locktec knew or should have known that Plaintiff had recently changed the locks of the marital residence and that Defendant Lori's production of a power of attorney should not give her legal access to the Plaintiff's home.

47. Despite knowing the marital residence belonged to the Plaintiff, Defendant Locktec, negligently provided Defendant Lori and Defendants a key to residence, thus permitting Defendant Lori and David and Defendants to unlawfully remove items from the residence causing damages.

48. Plaintiff avers that any representation made by Defendants not found to be fraudulent, but that led to any unlawful action by any Defendant causing damage to the Plaintiff in the above-stated facts constituted negligence upon the date the damage was incurred.

WHEREFORE, Plaintiff demands compensatory as determined by a struck jury, court costs and any other relief permitted Plaintiff in the premises.

49. Plaintiff avers all actions complained of herein against all Defendants combined to cause damages to the Plaintiff and Plaintiff demands all parties to be held jointly and severally for such damages.

WHEREFORE, Plaintiff requests this Court set aside the trust entered into described in this matter and enter an immediate emergency protective order instructing Defendant Lori to submit all funds paid to the described trust immediately into the Circuit Clerk of Courts and prohibit any future distributions; compensatory and punitive damages against Defendants as complained of herein in an amount to be determined by a struck jury, court costs, and any other further relief the Court.

/s/ Chris Messervy
CHRIS MESSERVY (MES006)

**MESSERVY LAW FIRM**
107 Jefferson Street North
Huntsville, AL  35801
(256) 551-7222
(256) 551-7022
chrismesservy@gmail.com

## VERIFICATION

COMES NOW, Barbara Sauls, and states that she has communicated the facts stated forth in the pleadings and knows their content; that the statements set forth are true and correct except to the extent that any allegations are made upon information and belief; but as to the allegations stated on information and belief, she believes them to be true and accurate and to the best of her knowledge.

Done this the 22nd day of June, 2018.

*Barbara Sauls*
BARBARA SAULS

*[signature]*
9/28/21
Notary Commission expires