# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| BARBARA SAULS, Individually and as Beneficiary of the Estate of Davey Michael Sauls,<br><br>Plaintiff,<br><br>v.<br><br>RANKIN SNEED, as Administrator of the Estate of Davey Sauls, et al.,<br><br>Defendants. | Case No.: 5:18-CV-1248-MHH |

## MEMORANDUM OPINION AND ORDER

Developments in this case have created an unusual procedural posture that has prompted a challenge to this Court's subject matter jurisdiction. When she filed her initial complaint in this matter to recover benefits from her late husband's 401(k) account, plaintiff Barbara Sauls asserted only state law claims against five defendants. Two of those defendants are citizens of Alabama. The presence of those forum defendants precluded removal of the action to federal court because a civil action that otherwise might be removed based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Federal jurisdiction became an option when Ms. Sauls added a new defendant against which she asserted an ERISA claim. That claim gave rise to federal question jurisdiction, and the new defendant, Voya Institutional Plan Services, LLC, removed this case to federal court under 28 U.S.C. § 1331. (Doc. 1, p. 2, ¶ 3). In its removal petition, Voya indicated that it believed that federal diversity jurisdiction also existed under 28 U.S.C. § 1332. (Doc. 1, pp. 2-3, ¶ 4).

After Ms. Sauls settled with Voya and the Court dismissed Ms. Sauls's ERISA claim, Ms. Sauls asked the Court to remand this case to state court. (Doc. 13). Ms. Sauls contends that in the absence of a federal question, there is no basis for federal jurisdiction in this case. (Doc. 13, p. 1). To resolve the motion to remand, the Court accepts the factual allegations in Ms. Sauls's complaint.

**I.     BACKGROUND**

Ms. Sauls seeks benefits from Davey Sauls's 401(k) retirement account. (Doc. 1-1). Ms. Sauls is the widow of Mr. Sauls. Mr. Sauls was an employee of Lockheed Martin Corporation for ten years. During those years, Mr. Sauls accumulated approximately $600,000 in his 401(k) account. (Doc. 1-1, p. 3, ¶ 9).

Before Mr. Sauls died, he and Ms. Sauls separated, and Mr. Sauls filed for divorce. (Doc. 1-1, p. 3, ¶ 8). Ms. Sauls moved to Florida, and Mr. Sauls remained in Alabama. (Doc. 1-1, p. 3, ¶ 9). The state court presiding over the divorce

proceeding "ordered both parties to preserve all assets regardless of title as they may be considered martial assets." (Doc. 1-1, p. 3, ¶ 8).

While the divorce proceedings were pending, Mr. Sauls became seriously ill and was hospitalized. (Doc. 1-1, p. 3, ¶ 10). Lori Marrow, Mr. Sauls's niece, obtained power of attorney from Mr. Sauls. (Doc. 1-1, p. 3, ¶ 10).

Mr. Sauls decided he wanted to withdraw funds from his pension to help fund his medical costs, so he petitioned the divorce court for access to those funds. (Doc. 1-1, pp. 3, ¶ 11). Settlement discussions concerning the request were not successful, so the order requiring Mr. Sauls and Ms. Sauls to preserve the marital assets remained in place. (Doc. 1-1, pp. 3-4, ¶¶ 12-13).

After the settlement discussions failed, Ms. Marrow used her power of attorney to obtain from Locktec, Inc. a key to the martial residence. (Doc. 1-1, p. 4, ¶ 14).[1] Ms. Sauls alleges that Ms. Marrow and her husband, David Marrow, "removed martial assets from the home including . . . furniture, tools, and vehicles." (Doc. 1-1, p. 4, ¶ 15).

Meanwhile, Ms. Sauls visited Mr. Sauls in the hospital. Mr. Sauls told Ms. Sauls that he needed access to his 401(k) funds to pay for his medical care, and he promised that he "would not remove or change her as the beneficiary of his 401(k)"

---

[1] Locktec "is a locally owned business that offers a wide verity of locksmith and security services to the north Alabama region." *See* https://www.locktechsv.com/pages/locksmith-security-services-huntsville-al (last visited May 2, 2019).

3

if she would not block his access to those funds. (Doc. 1-1, p. 4, ¶ 16). Based on Mr. Sauls's promise, after Ms. Sauls's confirmed that Mr. Sauls's condition was terminal, Ms. Sauls "agreed to dismiss the divorce." (Doc. 1-1, p. 4, ¶ 16). The state court dismissed the divorce case in June 2016. (Doc. 1-1, p. 4, ¶ 17).

Ms. Sauls alleges that in July of 2016, Ms. Marrow hired a law firm to draft a trust agreement so that Ms. Marrow could move Mr. Sauls's assets to the trust. (Doc. 1-1, p. 4, ¶ 19). According to Ms. Sauls, Mr. Sauls signed the trust while he was in the hospital. Ms. Sauls alleges that medical records indicate that Mr. Sauls was "under the influence of heavy narcotics" when he signed the trust. (Doc. 1-1, p. 4, ¶ 19). Ms. Marrow then changed the beneficiary of Mr. Saul's 401(k) account from Ms. Sauls to the newly formed trust. (Doc. 1-1, p. 5, ¶ 20). Mr. Sauls died a few days later. (Doc. 1-1, p. 5, ¶ 21).

To gain access to the funds in her husband's 401(k) account, on June 25, 2018, Ms. Sauls sued Rankin Sneed, the administrator of Mr. Sauls's estate, in the Circuit Court of Madison County, Alabama. In addition to Mr. Sneed, Ms. Sauls named as defendants Ms. Marrow, individually and as the trustee of the Living Trust of Davey Michael Sauls; Mr. Marrow; and Locktec. (Doc. 1-1, pp. 2-3). Ms. Sauls asked the state court to set aside the trust, and she asserted claims for damages for promissory fraud; fraudulent misrepresentation, transfer and/or conveyance; trespass, theft and/or conversion; outrage; and negligence. (Doc. 1-1, pp. 5-8).

4

On July 9, 2018, Ms. Sauls amended her state court complaint and added Voya Institutional Plan Services, LLC as a defendant. (Doc. 1-2, p. 7, ¶ 50). Ms. Sauls alleged that Voya negligently distributed 401(k) funds to Ms. Marrow, negligently failed to verify whether Ms. Marrow was self-dealing when she withdrew funds from Mr. Sauls's retirement account, and negligently administered the 401(k) plan by "fail[ing] to follow procedures that would protect" against "fraud and civil and/or criminal theft." (Doc. 1-2, p. 7, ¶ 51).

On August 7, 2018, Voya removed the case to federal court. Voya asserted that federal jurisdiction existed based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1). Ms. Marrow, individually and in her capacity as trustee of the Davy Sauls trust, and Mr. Marrow consented to Voya's removal. (Docs. 4, 7). Neither Locktec nor Mr. Sneed expressed an opinion about removal.[2]

After reaching a pro tanto settlement, Ms. Sauls and Voya filed a joint stipulation of dismissal, and on September 4, 2018, the Court dismissed Ms. Sauls's claims against Voya with prejudice. (Docs. 11, 12). On September 27, 2018, Ms. Sauls moved to remand the remaining state law claims against the remaining

---

[2] Although the state court records show that Ms. Sauls perfected service on Mr. Sneed before Voya removed the lawsuit (Doc. 1-5, p. 69), Mr. Sneed has not entered an appearance in this case. The failure of Locktec and Mr. Sneed to join in or consent to removal of the action is a procedural defect in removal. 28 U.S.C. §1441(b)(2)(A). Ms. Sauls did not file a motion to remand on that basis, and, as discussed below, it now is too late for her to move to remand on the basis of the defect.

defendants because of the elimination of the federal claim. (Doc. 13). In her motion to remand, Ms. Sauls asserted that "no federal subject matter jurisdiction exists. The Counts against the other Defendants are all state law claims." (Doc. 13, p. 1, ¶3).[3] Ms. Marrow and Mr. Marrow oppose Ms. Sauls's motion to remand. (Doc. 14).

The Court held a conference call to discuss Ms. Sauls's motion. (Doc. 16). Consistent with that conference, the Court entered the following order:

> As discussed during the January 22, 2019 telephone conference in this matter, the Court has subject matter jurisdiction over the state law claims in this action under 28 U.S.C. [§] 1332, but the Court may not be able to exercise that jurisdiction. A defendant who no longer is a party to this case removed the case on the basis of federal question jurisdiction. That defendant, Voya, also asserted that the Court could exercise jurisdiction on the basis of diversity of citizenship, but in the absence of the federal question, 28 U.S.C. [§] 1441(b)(2) would seem to preclude removal on the basis of diversity jurisdiction because defendants Sneed and Locktec, Inc. are citizens of Alabama. The question now is whether an action properly removed on the basis of federal question jurisdiction may remain in federal court on the basis of diversity jurisdiction if 28 U.S.C. [§] 1441(b)(2) would have precluded diversity removal initially. If the Court may not exercise jurisdiction over this action on the basis of diversity jurisdiction, then 28 U.S.C. [§] 1367 will govern Ms. Sauls's motion to remand. Within 14 days, the defendants may submit a joint brief or individual briefs addressing these jurisdictional issues. Ms. Sauls may reply to the defendants'

---

[3] With respect to Ms. Sauls's citizenship, the Court notes that in the jurisdictional allegations in her complaint, Ms. Sauls alleged that she "was a resident of Madison County, Alabama in the dates the incidences occurred or were discovered forming the basis of this litigation . . . ," that Davy Sauls was a resident of Alabama, and that Locktec was an Alabama corporation with its principal place of business in Alabama. (Doc. 1-1, p. 2, ¶¶ 1, 2, 5). In the factual allegations in her complaint, Ms. Sauls alleged that shortly after she and Mr. Sauls separated in January 2015, she moved to Florida. (Doc. 1-1, p. 3, ¶¶ 8-9). In its removal petition, Voya asserted that Ms. Sauls is a citizen of Florida. (Doc. 1, p. 2, ¶ 4(a)). Ms. Sauls has not challenged Voya's assertion. The Court is satisfied that at the time of removal, Ms. Sauls was a citizen of Florida.

submission(s) 14 days after the defendants file their jurisdictional brief(s).

(Doc. 16). The Marrows supplemented their opposition to remand with a brief. (Doc. 17). Ms. Sauls did not reply.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides "a neutral forum" for parties from different States. [*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U. S. 546, 552 (2005)].

*Home Depot*, 139 S. Ct. at 1746. Because defendants who reside in the forum in which a case is being litigated already have the benefit of a neutral forum, Congress has provided that no defendant may remove a case from state to federal court under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Voya properly removed this action to federal court under § 1331 because Ms. Sauls's claim against Voya concerning the administration of Mr. Sauls's 401(k) plan arose under a federal statute, namely the Employee Retirement Income Security Act

7

(ERISA), 29 U.S.C. §§ 1001 *et seq.* When Voya removed Ms. Sauls's lawsuit to federal court, neither Voya nor any other defendant could have properly relied on diversity jurisdiction as a basis for removal because even though the parties are completely diverse, the forum defendant rule would have prevented removal under § 1332(a), given that defendants Sneed and Locktec, citizens of Alabama, were served with the state court complaint before Voya removed this lawsuit to federal court. (Doc. 1-5, pp. 69, 72) (showing July 23, 2018 as the date of service for Mr. Sneed and Locktec); (Doc. 1, pp. 1, 4) (showing that Voya removed Ms. Sauls's lawsuit to federal court on August 7, 2018); 28 U.S.C. §1441(b)(2).

In her motion to remand, Ms. Sauls argues: "Now that Voya has been dismissed no federal subject matter jurisdiction exists. The counts against the other Defendants are all state law claims." (Doc. 13, p. 1). Ms. Sauls's assertion that only state law claims remain is correct, but Ms. Sauls's contention that "no federal subject matter jurisdiction exists" is mistaken. Diversity jurisdiction exists because at the time of removal, Ms. Sauls was a citizen of Florida, the defendants were citizens of Alabama and Virginia, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). *PTA–FLA v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("diversity jurisdiction is determined at the time of filing the complaint or, if the case

8

has been removed, at the time of removal").[4]  The question before the Court is whether, because of the dismissal of Ms. Sauls's federal claim against Voya, Ms. Sauls's lawsuit may remain in federal court based on diversity jurisdiction under § 1332(a) if 28 U.S.C. § 1441(b)(2) would have precluded diversity removal initially. The question turns on whether § 1441(b)(2) substantively eliminates diversity jurisdiction or whether § 1441(b)(2) identifies a procedural defect in removal that a party may waive.  If § 1441(b)(2) has the latter effect, then Ms. Sauls has waived the defect because she did not identify the forum defendant defect in her motion to remand, and she did not file her motion to remand within 30 days of removal.  28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").[5]

In *Pacheco de Perez v. AT & T Co.*, the Eleventh Circuit Court of Appeals

---

[4] Voya's jurisdictional allegation concerning Mr. Sneed is incorrect.  When alleging the citizenship of the administrator of an estate, citizenship rests on the citizenship of the decedent, not the administrator.  28 U.S.C. § 1332(c)(2); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); (*see* Doc. 1, p. 2) (indicating that Mr. Sneed is a citizen of Alabama). Ms. Sauls alleged in her complaint that Mr. Sauls was a resident of Alabama and that he resided in Alabama at the time of his illness and death.  (Doc. 1-1, pp. 2-5).  Those allegations establish that Mr. Sauls intended to remain in Alabama so that he was a citizen of Alabama at the time of his death.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (citizenship for individuals is based on domicile, and domicile consists of "the place of '[a person's] true, fixed, and permanent home and principal establishment, and to which [a person] has the intention of returning whenever . . . absent therefrom . . . .'") (internal quotation marks omitted).

[5] If the forum defendant rule were to substantively eliminate diversity jurisdiction, then the Court would have to remand the case *sua sponte*.

9

noted that the "removal of a case with resident defendants is a procedural defect" subject to waiver. 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999) (indicating, in dicta, that the forum defendant rule is a procedural defect subject to §1447(c)'s 30-day limit on motions to remand). In *Lively v. Wild Oats Markets, Inc.*, the Ninth Circuit Court of Appeals agreed with *Pacheco* and expanded upon the Eleventh Circuit's observation, stating:

> The purpose of the forum defendant rule [] supports treating it as a non-jurisdictional requirement. Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. *See Tosco Corp. v. Cmtys. for a Better Env't.*, 236 F.3d 495, 502 (9th Cir. 2001) ("The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant." (internal quotations marks omitted)). The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court. A procedural characterization of this rule honors this purpose because the plaintiff can either move to remand the case to state court within the 30–day time limit, or allow the case to remain in federal court by doing nothing. Either way, the plaintiff exercises control over the forum. Although a jurisdictional reading of the rule preserves the plaintiff's right to remand beyond the 30–day limit, it also allows the court to remand *sua sponte*, even if the plaintiff prefers to remain in federal court. *See Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005) ("[J]urisdictional bars cannot be waived by the parties and may be addressed *sua sponte*.").
>
> Our interpretation of § 1441(b) comports with eight of the nine circuits that have addressed this issue. *See, e.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th

Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n. 3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable removal defect); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation as a waivable defect in removal proceedings); *Handley–Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924) (describing removal by a forum defendant as a "technical" violation); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect).

*Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006); *see also Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379 (7th Cir. 2000) (adopting majority view and collecting cases).[6]

Because the forum defendant rule in § 1441(b) is a procedural defect that a plaintiff may waive, Ms. Sauls may not rely on the rule as a basis for remand because she did not mention the rule in her remand motion. Even if she had, she waited too long to file her remand motion. Voya filed its notice of removal on August 7, 2018, and the Court dismissed the ERISA claim against Voya on September 4, 2018.

---

[6] *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir. 1992), provides the exception to the majority rule. To address the circuit split, in 1996, Congress amended §1447(c) to make clear that "any defect other than lack of subject matter jurisdiction" must be presented by motion within 30 days of removal. *FIA Card Services, N.A. v. Gachiengu*, No. H-07-2382, 2008 WL 336300, *2-3 (S.D. Tex. Feb. 5, 2008).

(Docs. 1, 12). Applying § 1447(c)'s 30-day rule, Ms. Sauls had until September 6, 2018 to file a remand motion based on the forum defendant rule. She did not file her motion until September 27, 2018. (Doc. 13). For this additional reason, Ms. Sauls waived an objection to removal based on the forum defendant rule. Because the Court may exercise jurisdiction over Ms. Sauls's state law claims under 28 U.S.C. § 1332, the Court denies Ms. Sauls's motion to remand.[7]

---

[7] In passing, the Court notes that it may be fortuitous that Ms. Sauls and Voya resolved Ms. Sauls's ERISA claim within 30 days of Voya's removal of the action to federal court. Ms. Sauls's window of opportunity to file a motion to remand was very narrow, but it still existed. It is not difficult to envision a different scenario in which a district court, more than 30 days after the defendants removed the case to federal court, might dismiss a federal claim from a case with jurisdictional facts identical to the facts in this case. Application of the 30-day rule in that scenario might seem to unfairly penalize the plaintiff because a forum defendant objection to federal jurisdiction within 30 days of removal would be frivolous, given that the defendants would have properly removed the case based on federal question jurisdiction. The decisions that have characterized the forum defendant rule as a waivable procedural defect that must be raised within 30 days of removal have involved removals based solely on diversity jurisdiction. *See, e.g., Hurley*, 222 F.3d at 378 ("Hurley began in Illinois state court, but Consolidated Freightways removed the action to the District Court for the Southern District of Illinois on diversity grounds"). Applied where, at the time of removal, the case involved a federal question, the parties were completely diverse, one or more of the defendants was a citizen of the forum state, and the dispute placed more than $75,000 in controversy, the majority rule would compel a plaintiff to file a forum defendant motion to remand within 30 days of removal to preserve the objection – a motion sure to be overruled because of the existence of federal question jurisdiction – and then renew the objection should the court dismiss the federal claim. Even this procedure might not preserve the objection more than 30 days after removal. Under these circumstances, the plaintiff would lose her option to control federal jurisdiction because of the timing of the elimination of the federal question from the case. But Congress prioritized forum stability over a plaintiff's unbridled opportunity to challenge federal jurisdiction following removal. *See* 14C Charles Alan Wright & Arthur R. Miller [Wright & Miller], *Federal Practice and Procedure* § 3739.2 (4th ed. Aug. 2019 update) (explaining that § 1447(c)'s 30-day rule "prevents a party who is aware of a defect in the removal procedure from using the defect as insurance against unfavorable developments in the federal-court proceedings"); *see also In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991) (quoting Wright & Miller, § 3739 (2d ed. Supp. 1990)); *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 768 (1st Cir. 2011) (citing Wright & Miller, § 3739 (4th ed. 2009)).

## III. CONCLUSION

For the reasons discussed above, because it may exercise diversity jurisdiction over the remaining state law claims, the Court denies Ms. Sauls's motion to remand.

**DONE** and **ORDERED** this 13th day of September, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE