

200 West Side Square, Suite 50  
Huntsville, AL, 35801  
256-346-1900  
cray@charlesraypc.com

Charles A. Ray, IV  
Deanna S. Smith, Of Counsel

March 6, 2020

**VIA E-mail [chrismesservy@gmail.com]**

Chris Messervy  
107 Jefferson Street North  
Huntsville, AL 35801

    RE:    *Barbara Sauls v. Rankin Sneed, et al.; 5:18-cv-01248 MHH.*

Chris:

    Following our most recent conversation and in further compliance with Judge Haikala's "Initial Order", I am sending this letter to clarify my concerns about the current Complaint filed in this case and as a follow-up to our Joint Notice of Agreement for Amended Complaint filed with the Court on August 17, 2018 (the "Notice", Doc. 9). While the pending motion to remand put a temporary hold to these efforts, we have now received from the Court an initial discovery deadline of September 30, 2020 and instructions to be ready for trial by January of 2021.

    Given the above, I will clarify my objections to the Complaint, at least to the extent those objections may fall within the definition of "perceived deficiencies in the factual allegations of the complaint", as referenced within Judge Haiklala's draft "Initial Order". These objections/concerns are as follows:

    <u>Count One</u>: This claim seeks an order setting aside the June 6, 2016 trust executed by Mr. Sauls; however, the only named defendants to this claim are

Lori Marrow, as the trustee, and the Marrows in their individual capacities. Per Alabama law, a claim affecting the respective interests of a trust must include the Trustee and the trust beneficiaries as necessary and indispensable parties. (*See Drath v. Armstrong*, 141 So. 634 (Ala. 1932). As you are aware, the Trust beneficiaries included Lori Marrow, as well as James Morrow, David Marrow, Mary Saulman, Norman William Bean, Jr., Lisa Moffatt, Tony Moffatt, Floyd Charlesworth, Alan Bergman, Andrew Moffatt, , Mary Saulman, Christie Steele, and Melissa Oakley, all of which are necessary and indispensable parties to this claim;

- Count Two: This claim appears to assert promissory fraud allegations against the Marrows and the Trust, arising from alleged statements made by Mr. Sauls to Mrs. Sauls. I do not see how those allegations are broad enough to encompass my clients; rather, they strongly suggest that this claim is limited to a dispute between Mrs. Sauls and Mr. Sauls's estate. That Count also fails to plead the requisite elements to support promissory fraud;

- Count Three: This claim asserts a mix of fraud claims against my clients, based on alleged statements made by them to third-parties other than Mrs. Sauls (*i.e.,* to the police, to Locktec, to Mr. Sauls' divorce attorney, and to Lockheed Martin). There are no allegations that Mrs. Sauls, the plaintiff, was the recipient of these representations or otherwise relied upon them to her detriment—both of which are required elements of a fraud claim;

  In addition, Count Three further appears to merge its fraud claims with claim for fraudulent conveyance, under the Alabama Fraudulent Transfer Act ("AFTA"). If that is the intent, I suggest that the fraudulent conveyance claims be separated from the legal fraud claims as they are separate causes of action, based upon separate statutes and separate bodies of common law. I further request that any such claim for fraudulent conveyance specify which ATFA subsection(s) were allegedly violated and under which subsection your client seeks relief;

- Count Four: This claim alleges that the Marrows unlawfully entered the Sauls' home while he was in the hospital, despite the fact that: (1) they had permission from Mr. Sauls to enter the property; and (2) Lori Marrow held a Power of Attorney from Mr. Sauls, the scope of which provided expressed authority for the actions she allegedly took on his behalf. I understand that Mrs. Sauls did not authorize this activity, but that does not make it unlawful. The same can be said of Mr. Sauls' purported violation of an order entered in the parties' divorce action. As recognized in the Complaint, that case has been dismissed and the issue is now moot.

While you may disagree with some of my analysis, I respectfully ask that you revise the Complaint, per our agreement and the August 17, 2018 Notice, to address these issues. In so doing, I hope we can minimize the scope of any subsequently filed Motion to Dismiss. Regardless, I think an Amended Complaint is long past due, so please file one within the next two (2) weeks. Otherwise, I will be required to proceed with a Motion to Dismiss the current Complaint.

Thank you in advance for your cooperation,

Sincerely,

Charles A. Ray, IV