UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BARBARA SAULS,** *Individually and as Beneficiary of the Estate of Davey Michael Sauls,*<br><br>          Plaintiff,<br><br>v.<br><br>**RANKIN SNEED,** *as Administrator of the Estate of Davey Sauls, et al.,*<br><br>          Defendants. | Case No.:  **5:18-CV-1248-MHH** |

## MEMORANDUM OPINION AND ORDER[1]

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants David Marrow, Lori Marrow, and Locktec, Inc. have asked the Court to enter judgment in their favor on plaintiff Barbara Saul's remaining claims in this action:  Count I, a request to set aside and invalidate The Living Trust of Davey Michael Sauls, dated July 6, 2016, and the May 17, 2016 Power of Attorney Mr. Sauls conveyed to Ms. Marrow; Count IV, a claim of civil trespass and conversion against Lori and David Marrow; and Count VI, a negligence claims against Locktec.  (Docs. 63, 67).

---

[1] The Court incorporates factual and procedural summaries from previous orders.  (Docs. 16, 18, 40).

1

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To demonstrate a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). When considering motions for summary judgment, a district court must view the evidence in the record in the light most favorable to the non-moving party and draw reasonable inferences in favor of the non-moving party. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015).

Applying these standards, for the reasons discussed below, the Court grants the pending summary judgment motions.

## II.

With respect to Count I, Ms. Sauls contends that her estranged husband, Mr. Sauls, was not of sound mind when he executed the power of attorney in favor of Ms. Marrow and when he executed the living trust, so the Court should invalidate

both. Ms. Sauls asserts that she may seek this relief as a "creditor and/or beneficiary of the Estate," (Doc. 36, p. 4, ¶ 26), and identifies Lori and David Marrow as "Trustees" of "the irrevocable living trust of Davey Sauls," (Doc. 36, p. 2, ¶ 6).

The Marrows argue that Rule 17(a) of the Federal Rules of Civil Procedure bars Ms. Sauls's claim because she is not a real party in interest who may challenge Mr. Sauls's capacity. (Doc. 63, pp. 9–10). The Marrows also argue that Ms. Sauls has named but has not served the trustees of the trust who are indispensable parties to her claim under Alabama law. (Doc. 63, pp. 11–12).

Ms. Sauls did not respond to the Marrows' argument concerning Count I. (Doc. 71; *see* Doc. 73, p. 7). "In opposing a motion for summary judgment, a party may not rely on his pleading to avoid judgment against him.'" *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (*en banc*). Additionally, "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Consequently, Ms. Sauls has abandoned this claim, and the Marrows are entitled to summary judgment on Count I.

As to Count IV regarding trespass and conversion, the Court grants the Marrows' summary judgment motion for reasons consistent with the discussion on the record. (Doc. 79).[2] As discussed, Ms. Sauls has not presented evidence that

---

[2] A transcript of the summary judgment hearing is available upon request.

3

establishes that Ms. Marrow entered the house that belonged to Mr. and Ms. Sauls unlawfully, a necessary element of a claim for civil trespass under Alabama law. *See* ALA. CODE § 6-5-262 (1975). Similarly, Ms. Sauls has not "present[ed] evidence of 'a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse'" of personal property to support her conversion claim. *See Ex parte Anderson*, 867 So. 2d 1125, 1129 (Ala. 2003) (citations omitted). Instead, Ms. Sauls summarily contends that Ms. Marrow could not take the property she removed from the house because the property was marital property subject to a Madison County Circuit Court order that provided that marital–property should not be disturbed. (Doc. 71, pp. 4–5). The record demonstrates that the Madison County Circuit Court order was not directed to Ms. Marrow. (*See* Docs. 72-4, 72-6, pp. 4–5). The evidence demonstrates that Mr. Sauls gave Ms. Marrow permission to enter the house and remove property while he was hospitalized. (Doc. 64, pp. 23, 48; Doc. 72-1, pp. 52–53). Because Ms. Marrow removed property from the house at Mr. Sauls's direction and because he had a legal interest in the property, Ms. Marrow did not trespass or convert the property under Alabama law. Therefore, the Court grants summary judgment in favor of the Marrows on Count IV.

Lastly, the Court grants Locktec's motion as to Count VI. (Doc. 79). Ms. Sauls has not cited caselaw to support her negligence claim against Locktec. (*See*

4

Doc. 71). She also has not provided record cites to identify evidence to support her brief argument concerning her claim against Locktec. (*See* Doc. 71, p. 7 n.12). That argument merely restates allegations in Ms. Sauls's amended complaint. (*Compare* Doc. 36, p. 7 *and* Doc. 71, p. 7). Consequently, Ms. Saul has abandoned her negligence claim against Locktec. *See Access Now Inc.*, 385 F.3d at 1330. Accordingly, the Court grants summary judgment in favor of Locktec on Count VI.

### III.

For the reasons stated above, the Court grants the pending motions for summary judgment, (Docs. 63, 67). The Marrows' motion to strike, (Doc. 74), is moot. The Clerk of Court shall please TERM Docs. 63, 67, and 74.

Because this opinion resolves the remaining claims against the remaining parties, such that all claims in this action against all parties have been resolved, the Clerk of Court shall please close the file.

**DONE** and **ORDERED** this March 28, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE